■     In the Matter of WILLIAM T. CAREY, Appellant, v JAMES P. MELTON, as Commissioner of Motor Vehicles, Respondent.—In a proceeding pursuant to CPLR article 78 to set aside an order of the Commissioner of Motor Vehicles which, after a hearing, revoked the petitioner's driver's license because of his refusal to submit to a chemical test to determine the alcoholic content of his blood, the petitioner appeals from a judgment of the Supreme Court, Orange County, dated September 7, 1977, which dismissed the petition. Judgment affirmed, without costs or disbursements. On the record presented, there is support for Special Term's finding that the petitioner was properly arrested, that he was requested to submit to a chemical test of his blood, that he was properly warned of the penalty for the refusal to take the test and that he refused to take it. We note that there is evidence that the petitioner may not have fully comprehended the consequences of his refusal because he was so intoxicated by the consumption of alcohol and/or the inhalation of toxic fumes. Nevertheless, we do not construe the statutory warning contained in subdivision 2 of section 1194 of the Vehicle and Traffic Law as requiring a "knowing" refusal by the petitioner. This interpretation would lead to the absurd result that the greater the degree of intoxication of an automobile driver, the less the degree of his accountability. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.