■ In the Matter of DAVID I. GLEASON, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Determination unanimously confirmed, without costs. Memorandum: In this article 78 proceeding petitioner seeks to annul a determination of the Commissioner of Motor Vehicles which, after a hearing, revoked his motor vehicle operator's license because of his refusal to submit to a chemical blood test (Vehicle and Traffic Law, § 1194). There was substantial evidence to support respondent's findings that the arresting officer had reasonable grounds to believe that petitioner was driving while intoxicated and was properly arrested, that the requirements of section 1194 of the Vehicle and Traffic Law were met and that petitioner refused to submit to a chemical test for intoxication. Petitioner testified that he received a concussion as a result of an automobile accident in which he was involved preceding his arrest and that he had no recollection of his conversation with the arresting officer at the accident scene or the hospital and claims that his action did not constitute a knowing refusal to submit to the chemical test. The police officer testified that petitioner was requested and refused the chemical test when he was awake and conscious. Thus questions of fact and credibility were presented and determined at the hearing, all of which are within the commissioner's authority to resolve *(Matter of Foster v Tofany,* 31 AD2d 987; see, also, *Matter of Carey v Melton,* 64 AD2d 983). The commissioner was not required to accept petitioner's account of what took place. Additional grounds advanced by the petitioner which he claims require a reversal of the commissioner's determination have been examined and found to be without merit. (Art 78 proceeding transferred by order of Monroe Supreme Court.) Present— Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.