■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MATTHEW DAVIS, Respondent. [870 NYS2d 602]—

Cardona, P.J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered April 18, 2007, which granted defendant's motion to suppress evidence.

On the evening of February 20, 2007, while on patrol in the Town of Duanesburg, Schenectady County, police officer Eric Fluty saw a Jeep with oversized tires and Michigan license plates go "over" the road's right-side white fog line as it passed by Fluty's vehicle. Fluty proceeded behind the Jeep and followed it for approximately half a mile. He observed the Jeep's right front tire travel "partially" on the fog line "three or four times," always remaining in contact with the fog line as it did

so. Believing this to be a violation of Vehicle and Traffic Law § 1128 (a), Fluty initiated a traffic stop which led to the discovery of nine bags of hallucinogenic mushrooms and a bag of marihuana. Defendant was indicted for criminal possession of a controlled substance in the second degree, criminal possession of marihuana in the second degree and violating Vehicle and Traffic Law § 1128 (a).

Thereafter, defendant moved to, among other things, suppress the drug evidence claiming that Fluty did not have reasonable suspicion to execute a valid traffic stop. Following a suppression hearing, a Judicial Hearing Officer (hereinafter JHO) concluded that the traffic stop was unjustified inasmuch as defendant had not violated Vehicle and Traffic Law § 1128 (a) as a matter of law and, therefore, recommended that defendant's motion to suppress be granted. County Court adopted the JHO's recommendation, prompting this appeal.

Notably, the law is clear "that the police may lawfully stop a vehicle based on a reasonable suspicion that there has been a Vehicle and Traffic Law violation" (*People v Rorris*, 52 AD3d 869, 870 [2008], *lv denied* 11 NY3d 741 [2008]). According to the People, Fluty made a valid traffic stop because defendant's encroachment onto the fog line three to four times created reasonable suspicion that a statutory violation had occurred, namely, Vehicle and Traffic Law § 1128 (a), which sets forth that, when a road is divided and clearly marked for two or more lanes of traffic, "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

In concluding that defendant's actions did not constitute a violation of Vehicle and Traffic Law § 1128 (a) as a matter of law, the JHO noted the scarcity of New York case law involving fog line encroachments and reviewed cases from other jurisdictions with similarly-worded statutes, many of which hold that slight and momentary deviations onto the fog line do not justify a traffic stop (*see e.g. State v Ross*, 37 Kan App 2d 126, 129, 149 P3d 876, 879 [2007]; *State v Tague*, 676 NW2d 197, 204-205 [Iowa 2004]; *State v Livingston*, 206 Ariz 145, 148, 75 P3d 1103, 1106 [2003]). However, the rulings from other jurisdictions are not uniform on this issue and some conclude that a traffic stop predicated on a motorist crossing the fog line is appropriate when warranted by the circumstances (*see e.g. State v Mays*, 119 Ohio St 3d 406, 411, 894 NE2d 1204, 1210 [2008]; *Curtis v State*, 238 SW3d 376, 381 [Tex 2007]; *see also State v Fischels-Wordehoff*, 715 NW2d 770 [Iowa 2006]).

Here, we decline to hold that fog line encroachment can never be the basis for a valid traffic stop as a matter of law. However, in this case, we are mindful that Fluty only testified as to brief contacts with the fog line prior to the stop. He did not indicate that, for example, defendant was weaving, driving erratically or even that he drove onto the shoulder of the road (*see People v Parris*, 26 AD3d 393, 394 [2006], *lv denied* 6 NY3d 851 [2006]). Significantly, the factual findings of the suppression court are to be accorded great deference and should not be disturbed unless they are clearly erroneous (*see People v Johnson*, 17 AD3d 932, 933 [2005], *lv denied* 5 NY3d 790 [2005]; *People v Muniz*, 12 AD3d 937, 938 [2004]). Accordingly, given the record herein, we cannot conclude that the decision granting suppression was in error and, therefore, decline to disturb it.

The remaining arguments advanced by the People have been examined and found to be unpersuasive.

Spain, Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed.