◼ In the Matter of HEINZ HAHNE, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [882 NYS2d 434]—

Proceeding pursuant to CPLR article 78 to review a determination of the Administrative Appeals Board of the respondent New York State Department of Motor Vehicles dated March 25, 2008, confirming a determination of an Administrative Law Judge, dated November 20, 2007, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked his driver's license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

There is no merit to the petitioner's contention that Vehicle and Traffic Law § 1194 (2) (f) requires, as a threshold of admissibility in an administrative hearing convened pursuant to Vehicle and Traffic Law § 1194 (2) (c), that evidence of persistent refusal to submit to a chemical test, rather than merely a single refusal to submit, must be shown. Vehicle and Traffic Law § 1194 (2) (f) specifically sets forth that it applies only to "any trial, proceeding or hearing *based upon a violation of the provisions of section eleven hundred ninety-two of this article*" (emphasis added), i.e., a criminal proceeding (*see Bazza v Banscher*, 143 AD2d 715 [1988]). In contrast, here, the administra-

tive hearing was based on the petitioner's violation of Vehicle and Traffic Law § 1194, arising from his refusal to submit to a chemical test (*see* Vehicle and Traffic Law § 1194 [2] [b], [c]). Accordingly, the only evidence of refusal necessary was that the petitioner refused at least once to submit to a chemical test (*see Matter of Scaccia v Martinez*, 9 AD3d 882 [2004]; *Matter of Eyrich v Jackson*, 267 AD2d 237 [1999]; *Matter of Galante v Commissioner of Motor Vehs. of State of N.Y.,* 253 AD2d 763 [1998]; *Matter of Gatto v Adduci*, 182 AD2d 760 [1992]), which the petitioner concedes was established by substantial evidence at the subject hearing.

As the petitioner concedes that the other required findings at the administrative hearing were based on substantial evidence (*see* CPLR 7803 [4]; Vehicle and Traffic Law § 1194 [2] [c]), the determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.