Proceeding pursuant to CPLR article 78 to review a determination of the Administrative Appeals Board of the New York State Department of Motor Vehicles dated January 26, 2010, confirming a determination of an Administrative Law Judge dated July 29, 2009, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked the petitioner’s driver’s license.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In order to annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Substantial evidence is “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). “ ‘The courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists’ ” (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987], quoting Matter of Stork Rest. v Boland, 282 NY 256, 267 [1940]; see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d 838, 839 [2011]).
The findings of the Administrative Law Judge are supported by substantial evidence (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 231-232). The ev *760 idence adduced at the hearing demonstrated that the police had reasonable grounds to believe that the petitioner had been driving in violation of Vehicle and Traffic Law § 1192, that the police lawfully arrested the petitioner, that the police gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner refused to submit to the chemical test (see Vehicle and Traffic Law § 1194 [2] [c]; Matter of Robinson v Swarts, 82 AD3d 986 [2011]; Matter of Sharf v New York State Dept. of Motor Vehicles, 74 AD3d 978 [2010]; Matter of Eyrich v Jackson, 267 AD2d 237 [1999]; Matter of Leavy v Commissioner of Motor Vehs. of State of N. Y., 141 AD2d 643 [1988]). Eng, EJ., Skelos, Austin and Miller, JJ., concur.