In the Matter of ROBERT STEWART, Petitioner, v BARBARA J. FIALA et al., Respondents. [12 NYS3d 138]—

Proceeding pursuant to CPLR article 78 to review a determination of the Department of Motor Vehicles Appeals Board dated October 30, 2012, confirming a determination of an administrative law judge dated February 7, 2012, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked his driver license.

Adjudged that the determination is annulled, the petition is granted, with costs, and the petitioner's driver license is reinstated.

On December 17, 2011, at 1:22 a.m., a police officer was patrolling West Boston Post Road in Mamaroneck as part of his assignment to a driving-while-intoxicated detail, when he observed a parked motor vehicle in the parking lot of a gym. The vehicle was parked in a marked space, with the front end of the vehicle facing a fence, while the back end was facing the lot. The lights of the vehicle were on, and its engine was running. It was the only vehicle in the lot. Although the gym was closed, the officer knew that patrons of the adjacent restaurant, which was open, parked their vehicles in the gym's lot. The officer pulled his vehicle perpendicular to the rear of the parked vehicle, activated the emergency lights, and shined a light from his vehicle into the parked vehicle. The officer approached the parked vehicle and, upon observing indications of intoxication in the petitioner, administered sobriety and breath tests, but not a chemical test. The petitioner was then placed under arrest. Following a license revocation hearing, the petitioner's driver license was revoked.

At a hearing held pursuant to Vehicle and Traffic Law § 1194, the hearing officer is required to determine, inter alia, whether the police lawfully arrested the operator of the motor vehicle for operating such vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (*see Matter of Baldwin v Fiala*, 102 AD3d 960, 961 [2013]; *Matter of*

*Livulpi v Swarts*, 100 AD3d 759, 760 [2012]). In order for an arrest to be lawful, the initial stop must itself be lawful (*see People v De Bour*, 40 NY2d 210, 222 [1976]). Under the circumstances of this case, where the officer prevented the petitioner from departing, activated his vehicle's emergency lights, and shined a light into the petitioner's parked vehicle, a forcible stop and detention occurred (*see People v Loper*, 115 AD3d 875, 879 [2014]; *People v Hurdle*, 106 AD3d 1100, 1103 [2013]; *cf. People v Ocasio*, 85 NY2d 982, 984 [1995]; *People v Phillips*, 46 AD3d 1021, 1022 [2007]). The Department of Motor Vehicles, however, failed to establish that there was reasonable suspicion to justify the forcible stop and detention of the petitioner's person or vehicle (*see People v Creary*, 61 AD3d 887, 889 [2009]) and, accordingly, the challenged determination cannot be sustained.

The petitioner's remaining contentions either have been rendered academic in light of our determination or are without merit. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.