■ In the Matter of JANE HICKEY, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [36 NYS3d 720]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated December 30, 2014, affirming a determination of an administrative law judge dated January 22, 2014, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, and revoked her driver license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the New York State Department of Motor Vehicles Administrative Appeals Board properly refused to consider the petitioner's hospital records since they were not submitted to or considered by the administrative law judge at the hearing (*see* 15 NYCRR 155.4; *Matter of Tornheim v Appeals Bd. of N.Y. State Dept. of Motor Vehs.*, 82 AD3d 1253 [2011]). Moreover, the petitioner failed to show that the records were newly discovered evidence unavailable at the time of the hearing, and could not have been obtained in the exercise of due diligence (*see Matter of Morrissey v Sobol*, 176 AD2d 1147 [1991]). Despite her awareness of these records prior to the hearing, the petitioner neither sought an adjournment of the hearing for the purpose of obtaining them (*see* 15 NYCRR 127.7), nor attempted to subpoena those records (*see* 15 NYCRR 127.11 [b]; CPLR 2302).

The findings of the administrative law judge are supported by substantial evidence in the record (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div.*, 101 AD3d 880 [2012]; *Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d 838, 839 [2011]). The evidence adduced at the hearing, including the testimony of two police officers and their written report, demonstrated that the police had reasonable grounds to believe that the petitioner had been driving in violation of Vehicle and Traffic Law § 1192, that the police lawfully arrested the petitioner, that after the petitioner's arrest and at the hospital the police gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner refused the officer's request to submit to the chemical test three times (*see* Vehicle and Traffic Law § 1194 [2] [c]; *Matter of Robinson v Swarts*, 82 AD3d 986 [2011]; *Matter of Sharf v New York State Dept. of Motor Vehicles*, 74 AD3d 978 [2010]). Moreover, the Appeals Board properly relied upon an adverse inference from the petitioner's failure to testify at the hearing (*see* 15 NYCRR 127.5 [b]; *Matter of Peeso v Fiala*, 130 AD3d 1442, 1443 [2015]; *Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div.*, 101 AD3d at 881).

Contrary to the petitioner's contention, the fact that a chemical test was eventually performed at the hospital does not "suffice to undo" her prior chemical test refusal (*see Matter of Nicol v Grant*, 117 AD2d 940, 941 [1986]; *Matter of O'Brien v Melton*, 61 AD2d 1091 [1978]). We also reject the petitioner's contention that her "altered state" rendered her incapable of a chemical test refusal. Vehicle and Traffic Law § 1194 (2) does not require a knowing refusal by the petitioner. The petitioner's interpretation of the statute "would lead to the absurd result that the greater the degree of intoxication of an automobile driver, the less the degree of his [or her] accountability" (*Matter of Carey v Melton*, 64 AD2d 983, 983 [1978]; *see People v Kates*, 53 NY2d 591, 596 [1981]). Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.