■ In the Matter of Robert Rosulo, Petitioner, v State of New York Department of Motor Vehicles et al., Respondents. [60 NYS3d 494]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated January 26, 2016, affirming a determination of an administrative law judge dated March 12, 2015, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The findings of the administrative law judge are supported by substantial evidence (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div.*, 101 AD3d 880 [2012]; *Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd.*, 83 AD3d 838, 839 [2011]). The evidence adduced at a hearing, including the testimony of the arresting police officer, the officer's written report of the petitioner's refusal to submit to a chemical test, and the petitioner's own testimony, demonstrated that the police officer had reasonable grounds to believe that the petitioner had been driving in violation of Vehicle and Traffic Law § 1192, that the officer had probable cause to arrest the petitioner, that after the petitioner's arrest the officer gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test, and that three times the petitioner refused the officer's request to submit to the chemical test (*see* Vehicle and Traffic Law § 1194 [2] [c]; *Matter of Hickey v New York State Dept. of Motor Vehs.*, 142 AD3d 668, 669 [2016]; *Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div.*, 101 AD3d at 881; *Matter of Livulpi v Swarts*, 100 AD3d 759, 759-760 [2012]; *Matter of Sharf v New York State Dept. of Motor Vehicles*, 74 AD3d 978 [2010]).

The petitioner's remaining contention is without merit. Hall, J.P., Roman, Cohen and Barros, JJ., concur.