Matter of Schoonmaker v New York State Dept. of Motor Vehicles (2018 NY Slip Op 06545)





Matter of Schoonmaker v New York State Dept. of Motor Vehicles


2018 NY Slip Op 06545


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-10560 DECISION, ORDER & JUDGMENT
 (Index No. 2308/15)

[*1]In the Matter of Stephen Schoonmaker, petitioner,
v
New York State Department of Motor Vehicles, respondent.


Kantor, Davidoff, Mandelker, Twomey, Gallanty & Kohkba, P.C., Red Hook, NY (Michael S. Pollok and David Tolchin of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated May 26, 2015, affirming a determination of an administrative law judge dated April 10, 2014, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.



ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs; and it is further,
ORDERED that the stay of the revocation of the petitioner's driver license issued by this Court in a decision and order on motion dated October 25, 2017, pending hearing and determination of this proceeding, is hereby vacated.
The findings of the administrative law judge are supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Rosulo v State of N.Y. Dept. of Motor Vehs., 153 AD3d 1346; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668). The evidence adduced at the hearing included the testimony of the arresting police officer, the testimony of the police officer who read the refusal warnings to the petitioner, and the written report of the petitioner's refusal to submit to a chemical test. This evidence demonstrated that the police had reasonable grounds to believe that the petitioner had committed a traffic infraction and had been driving a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192. Furthermore, the evidence demonstrated that the police had probable cause to arrest the petitioner, that after the petitioner's arrest, the officer gave him sufficient warning of the consequences of refusing to submit to a chemical test, and that four times the petitioner refused the officer's request to submit to the chemical test (see Vehicle and Traffic Law § 1194[2][c]; Matter of Rosulo v State of N.Y. Dept. of [*2]Motor Vehs., 153 AD3d 1346; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d at 669; Matter of Sharf v New York State Dept. of Motor Vehicles, 74 AD3d 978). Moreover, the respondent properly relied upon an adverse inference from the petitioner's failure to testify at the hearing (see 15 NYCRR 127.5[b]; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d at 669).
Contrary to the petitioner's contention, the arresting officer lawfully stopped his vehicle. The officer had reasonable grounds to believe that a traffic violation had occurred as he observed the petitioner's vehicle making an "erratic movement" by crossing over the white fog line off the right shoulder, and then moving left back into the lane in which he had been driving while the right signal light was engaged (see Vehicle and Traffic Law § 1128[a], [d]; People v Wohlers, 138 AD2d 957). In the context of traffic stops, there is no requirement that a traffic violation be substantial since the facts observed by the officer need only support a reasonable suspicion (see People v Guthrie, 25 NY3d 130, 133; People v Ingle, 36 NY2d 413, 419; People v Eron, 119 AD3d 1358; People v Hoffman, 135 AD2d 299). Contrary to the petitioner's further contention, there was probable cause to arrest him for driving while intoxicated (see People v Johnson, 140 AD3d 978, 979). The arresting officer testified that after he stopped the vehicle and asked the petitioner for his license and registration, he smelled a strong odor of alcohol emanating from the petitioner's mouth. In addition, the officer testified that the petitioner failed the four standard field sobriety tests administered to him, including a preliminary breath test.
The petitioner's remaining contention is improperly raised for the first time on appeal.
RIVERA, J.P., DILLON and IANNACCI, JJ., concur.
BRATHWAITE NELSON, J., dissents and votes to annul the determination, grant the petition, with costs, and reinstate the petitioner's driver license, with the following memorandum, in which CHRISTOPHER, J., concurs:
At a hearing held pursuant to Vehicle and Traffic Law § 1194, the hearing officer is required to determine, inter alia, whether the police lawfully arrested the operator of a motor vehicle for operating such vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (see Vehicle and Traffic Law § 1194[2][c]; Matter of Stewart v Fiala, 129 AD3d 852, 852-853). In order for an arrest to be lawful, the initial stop must itself be lawful (see People v De Bour, 40 NY2d 210, 222; Matter of Stewart v Fiala, 129 AD3d at 853). We respectfully disagree with our colleagues in the majority that the hearing record establishes that the petitioner was lawfully stopped.
At the hearing, the arresting officer testified that on the night in question he was on "DWI patrol" on State Route 9. He was following the petitioner's vehicle when he observed the right front tire "cross[ ] the fog line and [go] off the shoulder . . . Then, while its signal was on, right-hand signal, then the vehicle return[ed] back to its lane of travel." The respondent, New York State Department of Motor Vehicles Administrative Appeals Board, argues that this conduct constituted a violation of Vehicle and Traffic Law § 1128(a). Our colleagues in the majority conclude that this observation gave the officer reasonable suspicion to believe that the petitioner had violated Vehicle and Traffic Law § 1128(a) and (d).
Vehicle and Traffic Law § 1128(a) states, "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." The record here does not establish a violation of section 1128(a). The arresting officer did not testify that he believed the movement of the right front tire across the fog line was unsafe under the conditions present. Nor did he testify to any conditions from which it could be inferred that the movement could not be made with safety. The movement that the officer observed happened so briefly that only the right front tire of the petitioner's vehicle traversed the fog line, while the turn signal was engaged in that direction, followed by that tire returning to the lane of travel. No other tire crossed the line. The act that the officer observed suggests that the driver might have thought to pull off the roadway or to make a [*3]turn, but decided against it. Objectively, the act described was not unsafe, and the officer did not testify that he thought otherwise. A single tire briefly crossing the fog line once does not constitute a violation of the Vehicle and Traffic Law and cannot provide a lawful predicate for the traffic stop (see People v Davis, 58 AD3d 896, 898; People v Kloosterman, 44 Misc 3d 1224[A], 2014 NY Slip Op 51286[U] [Lockport Just Ct]; People v Schoonmaker, 44 Misc 3d 1201[A], 2014 NY Slip Op 50948[U] [Red Hook Just Ct]; People v Kern, 38 Misc 3d 1217[A], 2013 NY Slip Op 50119[U] [Sheridan Town Ct]; People v Luster, 35 Misc 3d 735 [Suffolk Dist Ct]). Of significance, the officer did not testify that the vehicle was weaving, traveling too fast or too slow, or being driven in any other unsafe manner (cf. People v Tandle, 71 AD3d 1176; People v Parris, 26 AD3d 393).
Although the respondent expressly relies only upon subdivision (a) of section 1128, the majority concludes that the petitioner also violated Vehicle and Traffic Law § 1128(d). That provision states, "When official markings are in place indicating those portions of any roadway where crossing such markings would be especially hazardous, no driver of a vehicle proceeding along such highway shall at any time drive across such markings." There is no evidence in this record that the petitioner's vehicle drove across a marking indicating a portion of the roadway where crossing such marking would be especially hazardous. "The crossing of a solid white line is discouraged, but not prohibited" and does not violate Vehicle and Traffic Law § 1128(d) (People v Shulman, 14 Misc 3d 129[A], 2006 NY Slip Op 52508[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists]; see People v Kern, 38 Misc 3d 1217[A], 2013 NY Slip Op 50119[U]; People v Bordeau, 21 Misc 3d 1121[A], 2008 NY Slip Op 52117[U] [Essex County Ct]; People v Fisher, 20 Misc 3d 1136[A], 2008 NY Slip Op 51746[U] [Wappinger Just Ct]).
Since the respondent failed to establish that the traffic stop was lawful, the challenged determination cannot be sustained. Because the stop was not justified at its inception, the Court should not reach the issue of whether there was probable cause for the arrest. Any alleged conduct by the petitioner that purportedly occurred after the vehicle was stopped "cannot validate an encounter that was not justified at its inception" (People v Moore, 6 NY3d 496, 498; see Matter of Finn's Liq. Shop v State Liq. Auth., 24 NY2d 647; Vehicle and Traffic Law § 1194[2][c]). Accordingly, we would annul the determination, grant the petition, and reinstate the petitioner's driver license.
ENTER:
Aprilanne Agostino
Clerk of the Court