Matter of Singer v Egan (2019 NY Slip Op 01604)





Matter of Singer v Egan


2019 NY Slip Op 01604


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-03831
 (Index No. 474/17)

[*1]In the Matter of Erika A. Singer, petitioner,
v
Theresa L. Egan, etc., et al., respondents.


Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Christine Malafi of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Seth M. Rokosky of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated November 29, 2016, affirming a determination of an Administrative Law Judge dated November 30, 2015, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked her driver license.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On November 17, 2015, the petitioner's vehicle overturned when she allegedly swerved to avoid hitting a dog. The petitioner was arrested and charged with driving while intoxicated (see Vehicle and Traffic Law § 1192[3]). Her driver license was temporarily suspended. After a hearing, an Administrative Law Judge determined that there was substantial evidence that the petitioner violated Vehicle and Traffic Law § 1194 by refusing to submit to a chemical test, and imposed the mandatory revocation of the petitioner's driver license. The New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the DMV Appeals Board) affirmed the determination of the Administrative Law Judge. The petitioner commenced this CPLR article 78 proceeding, contending that there was no substantial evidence that she was given sufficient warning of the consequences of refusing to submit to the chemical test or that she refused to submit to the chemical test.
Contrary to the petitioner's contention, the findings of the Administrative Law Judge are supported by substantial evidence (see Matter of Kelly v Safir, 96 NY2d 32, 38; Matter of Rosulo v State of N.Y. Dept. of Motor Vehs., 153 AD3d 1346). The evidence adduced at the hearing, including the testimony of the arresting police officer, the officer's written report of the petitioner's refusal to submit to a chemical test, and the alcohol/drug report authorization form, demonstrated that after the petitioner's arrest, the officer gave the petitioner sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner refused the officer's request to submit to the chemical test (see Vehicle and Traffic Law § 1194[2][c]; Matter of Marden v New York State Dept. of Motor Vehs., 162 AD3d 770, 771; Matter of Hickey v New York State Dept. of Motor Vehs., [*2]142 AD3d 668, 669; Matter of Hahne v New York State Dept. of Motor Vehs., 63 AD3d 936).
There is no merit to the petitioner's contention that, although she indicated on the alcohol/drug report authorization form that she would not submit to the chemical test, she did not refuse to submit to the test because she initially orally agreed to do so (see Matter of Hahne v New York State Dept. of Motor Vehs., 63 AD3d 936). Moreover, the DMV Appeals Board properly drew a negative inference from the petitioner's failure to testify (see 15 NYCRR 127.5[b]; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668).
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court