Matter of Vasquez v Egan (2019 NY Slip Op 05780)





Matter of Vasquez v Egan


2019 NY Slip Op 05780


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-10372
 (Index No. 1450/17)

[*1]In the Matter of Raymond Vasquez, petitioner,
v
Theresa L. Egan, etc., et al., respondents.


Mignon Rosales, Brooklyn, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated December 27, 2016, affirming a determination of an administrative law judge dated June 2, 2016, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194, revoked his driver license, and imposed a statutory civil penalty.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was arrested after he was encountered sleeping behind the wheel of his car at a green traffic light. Although the car was stopped, its engine was still running. The arresting officer, Korpri Singh, detected the strong odor of alcohol on the petitioner's breath and observed that he had "bloodshot red" eyes and slurred speech, and the petitioner admitted that he had consumed two beers. The petitioner could not stand and walked unsteadily. Before a chemical test could be administered at the police station house, the petitioner was transported to the hospital because he complained of back pain. The petitioner was administered medication at the hospital. At the hospital, a police officer requested that the petitioner undergo a chemical test and, despite being warned of the consequences of refusing to submit to such test, the petitioner twice refused to take the chemical test.
Officer Singh was the only witness to testify at the hearing. The Administrative Law Judge informed the petitioner that although he had the right not to testify, a negative inference may be taken if he did not testify. After the hearing, the Administrative Law Judge found that the petitioner violated Vehicle and Traffic Law § 1194, revoked his driver license for one year, and imposed a civil penalty. The determination was affirmed by the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Appeals Board's determination. The proceeding was transferred to this Court by order of the Supreme Court dated March 8, 2018.
Contrary to the petitioner's contention, the findings of the Administrative Law Judge are supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d 677, affd 33 NY3d 926). The evidence adduced at the hearing, including the testimony of the arresting officer and the officer's written report of the petitioner's refusal to submit to a chemical test, demonstrated that the police had reasonable grounds to believe that the petitioner had been driving a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192, and that the police had probable cause to arrest the petitioner. The evidence adduced at the hearing also demonstrated that, after the petitioner's arrest, the petitioner was given sufficient warning of the consequences of refusing to submit to a chemical test, and that the petitioner twice refused the officer's request to submit to such a test (see Vehicle and Traffic Law § 1194[2][c]). The Appeals Board properly drew a negative inference from the petitioner's failure to testify (see 15 NYCRR 127.5[b]; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668).
The petitioner's remaining contention is without merit.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court