Matter of Crowder v Fiala (2019 NY Slip Op 06602)





Matter of Crowder v Fiala


2019 NY Slip Op 06602


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-07545
 (Index No. 2387/2018)

[*1]In the Matter of Todd A. Crowder, petitioner,
v
Barbara J. Fiala, etc., et al., respondents.


Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (Michael Collado of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Mark S. Grube of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated November 6, 2017, affirming a determination of an administrative law judge dated May 25, 2017, which, after a hearing, found that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated November 6, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On April 14, 2017, a New York State Trooper (hereinafter the arresting officer) initiated a traffic stop after observing the petitioner's vehicle on several occasions cross a double- yellow line. While executing the traffic stop, the arresting officer observed that the petitioner had slurred speech and bloodshot watery eyes, and he smelled the odor of alcohol on the petitioner's breath. The petitioner admitted to the arresting officer that he had consumed champagne and wine at dinner. The petitioner failed three field sobriety tests, and was then arrested. The petitioner, despite being warned of the consequences, refused to submit to a chemical test three times.
At the conclusion of a license revocation hearing conducted pursuant to Vehicle and Traffic Law § 1194(2)(c), the Administrative Law Judge (hereinafter the ALJ) found that the petitioner violated Vehicle and Traffic Law § 1194 and ordered that his license be revoked. The ALJ's determination was affirmed by the New York State Department of Motor Vehicles Administrative Appeals Board. Thereafter, the petitioner commenced this CPLR article 78 proceeding seeking review of the revocation of his driver license.
Here, the findings of the ALJ are supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d 677, 678, affd 33 NY3d 926). The evidence adduced at the hearing, including the testimony of the arresting officer, the officer's written report of the petitioner's refusal to submit to a chemical test, and the petitioner's own testimony, demonstrated that the officer had reasonable grounds to believe that the petitioner had committed [*2]a traffic infraction and had been driving a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192. Additionally, the evidence demonstrated that the officer had probable cause to arrest the petitioner, that after the petitioner's arrest, the petitioner was given sufficient warning of the consequences of refusing to submit to a chemical test, and that three times the petitioner refused the officer's request to submit to the chemical test (see Vehicle and Traffic Law § 1194[2][c]; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d at 678; Matter of Gazda v New York State Dept. of Motor Vehs., 159 AD3d 903, 904-905; Matter of Barr v New York State Dept. of Motor Vehs., 155 AD3d 1159, 1160; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d 668, 669).
Contrary to the petitioner's contention, the arresting officer lawfully stopped his vehicle. A police officer may lawfully execute a traffic stop of a vehicle when he or she has probable cause to believe that the driver of the vehicle has committed a violation of the Vehicle and Traffic Law (see People v Guthrie, 25 NY3d 130, 133). The arresting officer had a reasonable belief that a traffic violation had occurred, as he observed the petitioner's vehicle cross the double-yellow line numerous times (see Vehicle and Traffic Law § 1128[a]; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d at 679; People v James, 155 AD3d 1094, 1096). Additionally, the subsequent arrest of the petitioner for driving while intoxicated was supported by probable cause. The arresting officer testified that the petitioner had slurred speech and bloodshot watery eyes, that he smelled alcohol on the petitioner's breath, and that the petitioner admitted that he had consumed champagne and wine. The officer further testified that he administered three field sobriety tests to the petitioner, all of which the petitioner failed (see Matter of Schoonmaker v New York State Dept. of Motor Vehs., 165 AD3d at 679; Matter of Hickey v New York State Dept. of Motor Vehs., 142 AD3d at 669).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court