■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLENN M. WOHLERS, Respondent.—Order unanimously reversed on the law, defendant's motion denied, and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The court erred in suppressing evidence of defendant's driving while intoxicated based on its finding that there was no probable cause to stop his vehicle. An investigatory stop of a vehicle is permissible if based upon reasonable suspicion that defendant is engaged in conduct which is in violation of the law *(People v Sobotker,* 43 NY2d 559, 563), including the commission of a traffic infraction *(People v Ingle,* 36 NY2d 413, 414). Here, the court's finding that defendant's vehicle "strayed slightly to the right of the driving lane" established a valid basis for the stop. Such conduct is a violation of Vehicle and Traffic Law § 1128 (a), which requires drivers to remain in lane. The Vehicle and Traffic Law violation established an articulable basis for the stop and gave the officer reasonable grounds to suspect defendant of driving while intoxicated *(see, People v Brockum,* 88 AD2d 697; *cf., Matter of Sowa v Hults,* 22 AD2d 730, 731). (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.