THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARTIN CHAFFEE, Respondent.

Fourth Department, November 18, 1992

APPEARANCES OF COUNSEL

*Larry M. Himelein, III, District Attorney* of Cattaraugus County, Litte Valley, for appellant.

*Alan L. Spears,* Olean, for respondent.

CALLAHAN, J. P.

We are called upon to determine whether a police officer, who is participating in a sobriety checkpoint, may lawfully stop a vehicle which makes a legal turn into a parking lot in an apparent attempt to avoid that roadblock.

On August 19, 1989, six to eight State Police vehicles were utilized at a sobriety checkpoint on Route 417 in the Town of Allegany. About 20 flares were set up on each side of the highway for approximately an eighth of a mile, and signs were posted advising approaching motorists of the roadblock. The purpose of the checkpoint was to stop all traffic in both directions and to check those vehicles and operators for any violations concerning registration, inspection and sobriety of the driver. A pickup car was positioned at each end of the checkpoint to pursue any vehicle which might attempt to evade the roadblock.

About 1:40 A.M., a Trooper observed a 1985 Subaru traveling in a westerly direction. When in the vicinity where the flares became visible, the vehicle made a "very quick stop" in the road and turned right into a motel parking lot. The Trooper followed that car into the lot and observed that it circled the lot two times, passing numerous parking spaces. The occupants were looking toward the roadblock. It was only after the Trooper activated his roof lights that the car pulled into a parking space. After the vehicle stopped, the Trooper illuminated the vehicle with his spotlight and take-down lights so he could see the people inside. He then approached the driver (defendant) and requested that he produce his license and registration. A strong odor of alcohol was detected on defendant's breath, and his speech was slurred and his eyes were watery and bloodshot. In response to a question about drinking, defendant admitted drinking "five or six beers". Defendant was then asked to step out of the car and perform some field sobriety tests. He failed to perform them satisfactorily and registered .19% on a portable breath screening test known as an alco-sensor. Defendant was then arrested for driving while intoxicated and transported to the State Police barracks for a breathalyzer test, which confirmed a blood alcohol content of .19%.

Defendant was indicted in February 1990 and charged with two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). Following his arraignment, he

made a motion to dismiss the indictment on the ground that there was no probable cause to stop his vehicle. The People opposed that motion on the grounds that defendant had not alleged any basis for a probable cause hearing and had failed to set forth in his moving papers any allegations of fact in support of that motion.

In its decision dismissing the indictment, County Court noted that "[t]he stop in the instant case was concededly made not because of any detected vehicle and traffic violation committed by the motorist, but solely because the motorist was in the area but did not pass through the checkpoint. The testimony at the hearing disclosed no Vehicle and Traffic infractions." The court also noted the arresting officer's testimony that his reason for stopping defendant was that "[h]e was avoiding a road check *[sic]*." The court went on to state that it found no probable cause and "[t]here is no law or regulation specifying any prohibition of avoidance of a road block *[sic]*."

County Court erred in holding that the People had to establish probable cause for the stop of defendant's vehicle *(see, People v Ingle,* 36 NY2d 413, 414-415; *People v Wohlers,* 138 AD2d 957).

It is established that, while a roadblock or checkpoint stop is a seizure within the meaning of the Fourth Amendment, it is an acceptable practice to deter drunk driving *(People v Scott,* 63 NY2d 518, 524-526). It is also recognized that there is a reduced expectation of privacy associated with automobiles *(see, People v Belton,* 55 NY2d 49, 53; *United States v Martinez-Fuerte,* 428 US 543, 561). Individualized suspicion is not a prerequisite to a constitutional seizure of an automobile when " 'carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers' " *(People v Scott, supra,* at 525, quoting *Brown v Texas,* 443 US 47, 51; *see also, Delaware v Prouse,* 440 US 648, 663; *United States v Martinez-Fuerte, supra,* at 558-562). At this roadblock all traffic was stopped and checked for violations.

A roadblock established pursuant to a written directive of a police agency for the purpose of detecting and deterring driving while intoxicated or impaired is constitutionally permissible *(Michigan Dept. of State Police v Sitz,* 496 US 444; *People v Scott, supra).* When the privacy interests of a motorist are balanced against the legitimate governmental interests in controlling drunk driving, the checkpoint procedure is a "sufficiently productive mechanism to justify the minimal intrusion involved" therein *(see, People v Scott, supra,* at 529).

We reject defendant's contention that the stop of his vehicle was improper and an unwarranted intrusion. The operation and use of a motor vehicle on the highways of New York is a privilege granted subject to compliance with the provisions of the Vehicle and Traffic Law. The State has a compelling interest in maintaining safety on its highways. Law enforcement officers are charged with the responsibility to regulate and enforce the law in a fair and impartial manner. A sobriety checkpoint is one method utilized to eradicate the drunken driving problem experienced on our roads and make the highways safe. To assist those charged with the responsibility to keep our highways safe and to enforce the statutes designed to regulate traffic, any valid reason to pursue and stop a vehicle is acceptable. Where, as here, as an integral part of a sobriety checkpoint, the police have established a nonarbitrary uniform procedure to stop all motorists at the checkpoint or who reasonably appear to be avoiding the checkpoint, we should give deference to the enforcement procedures established by the police agency (see, *State of New Jersey v Hester,* 245 NJ Super 75, 82, 584 A2d 256, 259). In the circumstances of this case, we conclude that the Trooper properly pursued defendant's vehicle, which appeared to be avoiding the checkpoint. When it appeared that defendant was not a patron of the motel, the Trooper's suspicions were confirmed, thus rendering the stop lawful.

It is logical to conclude that, if the operator of a vehicle is allowed to avoid a checkpoint, it would lose its purpose and destroy its deterrent effect (see, *State of New Jersey v Hester, supra; but see, Murphy v Commonwealth,* 9 Va App 139, 384 SE2d 125). In our view, public policy weighs heavily in favor of upholding a nonarbitrary uniform procedure which prevents motorists from attempting to evade or avoid a DWI roadblock or checkpoint.

Accordingly, the order should be reversed, defendant's motion to dismiss denied, the indictment reinstated and the matter remitted to County Court for further proceedings on the indictment.

GREEN, PINE, BOEHM and DAVIS, JJ., concur.

Order unanimously reversed, on the law, motion denied, indictment reinstated and matter remitted to Cattaraugus County Court for further proceedings on the indictment.