# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

746

KA 12-01694

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CHRISTOPHER H. ERON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 7, 2012.  The judgment convicted defendant, upon a jury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree and failure to stay within a single lane.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]), defendant initially contends that County Court erred in denying his motion to suppress his statements and other evidence seized as the result of the allegedly unlawful stop of his vehicle.  Contrary to defendant's contention, the court properly denied that motion. Affording great deference to the court's resolution of credibility issues at the suppression hearing (*see generally People v Prochilo*, 41 NY2d 759, 761), we conclude that the record supports the court's finding that the police officer lawfully stopped defendant's car for crossing the white fog line in violation of section 1128 (a) (*see People v Tandle*, 71 AD3d 1176, 1177-1178, *lv denied* 15 NY3d 757; *People v Wohlers*, 138 AD2d 957, 957; *see generally Whren v United States*, 517 US 806, 810; *People v Robinson*, 97 NY2d 341, 348-349).

Defendant failed to preserve for our review his contention that the verdict was inconsistent inasmuch as he failed to object to the alleged inconsistency before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987).  In any event, we conclude that defendant's contention is without merit (*see generally People v Tucker*, 55 NY2d 1, 6-8, *rearg denied* 55 NY2d 1039).

Defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crime and traffic infraction as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]) and, here, we see no reason here to disturb the jury's resolution of those issues.

Defendant failed to object when a prosecution witness was permitted to testify while wearing his National Guard uniform, and thus failed to preserve for our review his contention that he was thereby denied due process (*see generally People v Smikle*, 112 AD3d 1357, 1358, *lv denied* 22 NY3d 1141; *People v Caldwell*, 98 AD3d 1272, 1272, *lv denied* 20 NY3d 985).  In addition, defendant did not ask that the jury be instructed that the witness was not more credible merely because he was wearing a uniform, and thus he also failed to preserve for our review his contention that the court should have issued such an instruction (*see generally People v Montero*, 100 AD3d 1555, 1556, *lv denied* 21 NY3d 945; *People v Perez*, 89 AD3d 1393, 1394, *lv denied* 18 NY3d 961).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  July 3, 2014                         Frances E. Cafarell
                                               Clerk of the Court