People v Rufus (2023 NY Slip Op 05055)

People v Rufus

2023 NY Slip Op 05055

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

598 KA 23-00229

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PARRIS J. RUFUS, DEFENDANT-APPELLANT. 

FIANDACH & FIANDACH, ROCHESTER (EDWARD L. FIANDACH OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Meredith A. Vacca, J.), rendered October 7, 2022. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, as a class E felony. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him, upon a nonjury trial, of driving while intoxicated, as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), defendant contends that County Court erred in refusing to suppress evidence obtained as the result of an allegedly unlawful traffic stop. Contrary to defendant's contention, we conclude that "the record supports the court's finding that the police officer lawfully stopped defendant's car for crossing the white fog line in violation of Vehicle and Traffic Law § 1128 (a)" (People v Eron, 119 AD3d 1358, 1359 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]; see also People v Wohlers, 138 AD2d 957, 957 [4th Dept 1988]). The police officer testified at the suppression hearing that he observed defendant's vehicle depart from the lane unsafely, having witnessed it swerve and cross over the white fog line three times within a tenth of a mile, which is sufficient to provide probable cause for the stop.
We also reject defendant's further contentions that the evidence is legally insufficient to establish that he was intoxicated and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences" from which the court could find that defendant operated a motor vehicle in an intoxicated condition (People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
All concur except Curran and Ogden, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent and vote to reverse the judgment, grant that part of the omnibus motion seeking to suppress evidence, and dismiss the indictment inasmuch as we conclude that the People did not "meet their burden of showing the legality of the police conduct in stopping [defendant's] vehicle" (People v Suttles, 214 AD3d 1313, 1314 [4th Dept 2023], lv denied 40 NY3d 936 [2023] [emphasis added]). Specifically, we conclude that the police lacked probable cause to stop defendant's vehicle for a traffic violation (see generally People v Hinshaw, 35 NY3d 427, 429 [2020]; People v Robinson, 97 NY2d 341, 348-349 [2001]) because merely crossing the white edge line separating the roadway from the shoulder—i.e., what the majority refers to as the fog line—does not, standing alone, constitute a violation of Vehicle and Traffic Law § 1128 (a). Although we acknowledge this Court's [*2]precedent holding that "crossing the white fog line" per se violates Vehicle and Traffic Law § 1128 (a) (People v Eron, 119 AD3d 1358, 1359 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]; see People v Wohlers, 138 AD2d 957, 957 [4th Dept 1988]), we respectfully conclude, for the reasons that follow, that those cases were wrongly decided and should therefore no longer be followed.
We start with the relevant statutory text. Vehicle and Traffic Law § 1128 (a) provides that "[w]henever any roadway has been divided into two or more clearly marked lanes . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." In short, the text indicates that the statute is violated only when a driver unsafely moves from a lane. There is no language in the statute that expressly prohibits a driver from touching or crossing an edge line; it merely applies to unsafe movements outside of a designated lane. Thus, in our view, the clear and unambiguous text of Vehicle and Traffic Law § 1128 (a) does not support the conclusion of Eron and Wohlers that merely crossing the edge line establishes probable cause sufficient to support a traffic stop (see People v Davis, 58 AD3d 896, 897-898 [3d Dept 2009]).
Other statutory and regulatory provisions support the conclusion that merely crossing or touching the edge line is not per se prohibited by Vehicle and Traffic Law § 1128 (a). The Vehicle and Traffic Law defines a "roadway" as "[t]hat portion of a highway improved, designed, marked, or ordinarily used for vehicular traffic, exclusive of the shoulder and slope" (Vehicle and Traffic Law § 140; see also § 118). In turn, the "shoulder" is "[t]hat improved portion of a highway contiguous with the roadway" (§ 143-a). The edge line serves merely to separate the roadway from the shoulder, and does not delineate an entirely separate lane of travel (see 17 NYCRR former 261.7 [a] [iii]; see generally Bottalico v State of New York, 59 NY2d 302, 305-306 [1983]).
The white line at issue in this case is therefore best understood as an edge line pavement marking. According to the Manual of Uniform Traffic Control Devices for Streets and Highways - 2009 Edition (MUTCD), as adopted and supplemented by the State of New York (see 17 NYCRR ch V; see also Vehicle and Traffic Law § 1680 [a]), such lines "delineate the right . . . edges of a roadway" (MUTCD § 3B.06 [1]; see also § 3A.05 [2] [B]) and "shall consist of a normal solid white line" (§ 3B.06 [4]). Those markings "have unique value as visual references to guide road users during adverse weather and visibility conditions" (§ 3B.06 [6] [emphasis added]) and "may be used where edge delineation is desirable to minimize unnecessary driving on paved shoulders" (§ 3B.07 [7] [emphases added]). Where a white edge line marking consists of "a normal or wide solid white line," the MUTCD provides that crossing the edge line marking is merely "discouraged" (§ 3B.04 [20]; see People v Morales, 54 Misc 3d 137[A], 2017 NY Slip Op 50139[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). In short, rather than establishing that crossing an edge line is per se prohibited, the relevant regulations implicitly contemplate instances where a driver might properly traverse such a line to enter the shoulder.
Requiring the People to show that defendant did more than merely cross the edge line to establish a violation of Vehicle and Traffic Law § 1128 (a) is also consonant with the burden applicable in civil cases involving that provision. Indeed, in that context, courts have held that a plaintiff establishes a defendant's liability under section 1128 (a) by supplying evidence that a lane change was done unsafely (see e.g. Steigelman v Transervice Lease Corp., 145 AD3d 439, 439 [1st Dept 2016]; Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016]; Cascante v Kakay, 88 AD3d 588, 589 [1st Dept 2011]).
In other words, the foregoing establishes that, on roads where Vehicle and Traffic Law § 1128 (a) applies, mere movement from a lane by itself does not violate the statute—this is so even if we were to assume, arguendo, that crossing the edge line between the roadway and the shoulder constitutes a lane change (a fairly dubious proposition). To that end, it is clear that the crossing of the edge line must be accompanied by some showing of unsafe conduct to establish a violation of Vehicle and Traffic Law § 1128 (a) (see Davis, 58 AD3d at 897-898). Thus, Eron and Wohlers were wrongly decided because they concluded that touching the edge line automatically violates Vehicle and Traffic Law § 1128 (a). Nothing in those cases established that the defendants unsafely changed lanes; indeed, both cases are wholly silent on the text of the relevant statute and the elements necessary to establish a violation thereof. As illustrated above, [*3]that conclusion is contrary to the text of section 1128 (a), and other relevant statutory and regulatory provisions.
In applying the facts of this case to the relevant legal framework, we conclude that the People failed to demonstrate that there was probable cause that defendant violated Vehicle and Traffic Law § 1128 (a) by unsafely crossing the edge line. County Court's determination that the police stop of defendant's vehicle was lawful, due to a violation of Vehicle and Traffic Law § 1128 (a), was based solely on testimony that the vehicle briefly crossed the "fog line
. . . three separate times within a tenth of a mile." Crucially, however, there was no testimony establishing that defendant was speeding, driving erratically, or that he had violated any other provision of the Vehicle and Traffic Law (see Davis, 58 AD3d at 897-898). To the extent that the majority notes that there was testimony that defendant unsafely crossed the edge line, that testimony was entirely conclusory on the issue of safety and wholly without any elaboration. "[P]robable cause cannot be established merely through conclusory testimony" (People v Brown, 238 AD2d 204, 204 [1st Dept 1997], lv denied 90 NY2d 1010 [1997]; see generally People v Parris, 83 NY2d 342, 350 [1994]; People v Bigelow, 66 NY2d 417, 425 [1985]). Nonetheless, we note that, the majority's election to inject safety into its analysis is tantamount to a concession that the per se rule of Eron and Wohlers is wrong and that it is an incorrect interpretation of the text of section 1128 (a).
Additionally, the People also failed to demonstrate that the edge line at issue here was anything other than a normal or wide solid white line where crossing the edge line marking would be merely discouraged (see MUTCD § 3B.04 [20]; Morales, 2017 NY Slip Op 50139[U], *3). Moreover, this is not a case where the People established that defendant, in addition to violating Vehicle and Traffic Law § 1128 (a), unlawfully drove on the shoulder of the controlled-access highway involved in this case (see § 1131; see e.g. People v Tandle, 71 AD3d 1176, 1177-1178 [2d Dept 2010], lv denied 15 NY3d 757 [2010]; People v Parris, 26 AD3d 393, 394 [2d Dept 2006], lv denied 6 NY3d 851 [2006]).
Ultimately, because there was no evidence that defendant unsafely crossed the edge line here, we conclude that the People failed to adduce sufficient evidence establishing probable cause for a violation of Vehicle and Traffic Law § 1128 (a) (see e.g. People v Legnetti, 73 Misc 3d 36, 39 [App Term, 2d Dept, 9th & 10th Jud Dists 2021], lv denied 38 NY3d 951 [2022]; People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Krantz, 6 Misc 3d 129[A], 2005 NY Slip Op 50058[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). To the extent that Eron and Wohlers compel a contrary result, we would not follow them, inasmuch as they are inconsistent with the statutory text.
Finally, although the court stated in its decision that "the [police who stopped defendant] had a reasonable belief that [he] violated" Vehicle and Traffic Law § 1128 (a) (emphasis added), it did not expressly refuse to suppress evidence on the ground that the vehicle stop was based on a reasonable mistake of law, even as an alternative basis for denial (see generally People v Guthrie, 25 NY3d 130, 134 [2015], rearg denied 25 NY3d 1191 [2015]). Indeed, at oral argument on appeal the People conceded that they had not raised this alternative ground for affirmance at the suppression hearing. Thus, even if we were inclined to conclude that the police lawfully stopped defendant due to a reasonable mistake of law premised on Eron and Wohlers, we are precluded from affirming on that alternative basis (see People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; see generally CPL 470.15 [1]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court