People v Armitage (2023 NY Slip Op 51514(U))

[*1]

People v Armitage

2023 NY Slip Op 51514(U)

Decided on October 24, 2023

Justice Court Of The Town Of Clarence, Erie County

Hickey, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 24, 2023
Justice Court of the Town of Clarence, Erie County

The People of the State of New York,

against
Sheldon Armitage, Defendant.

Docket No. 23-050065.03

John Flynn, Esq.
Erie County District Attorney
BY: William E. Szczepanski, Esq.
Assistant District Attorney
Attorney for the People
Peter J. Todoro, Jr., Esq.
Attorney for the Defendant

Jonathan S. Hickey, J.

The defendant is charged with Driving While Intoxicated, Vehicle & Traffic Law § 1192(3); Driving While Ability Impaired by Drugs — Special Combined Influence, Vehicle & Traffic Law § 1192(4)(a); and Moved from Lane Unsafely, Vehicle & Traffic Law § 1128(a) all relative to charges that were issued on May 4, 2023.
The defendant moved to suppress evidence of criminal activity gathered after the car was stopped by challenging whether there existed the requisite probable cause to stop the vehicle he was operating. A hearing was conducted pursuant to People v Ingle (36 NY2d 413 [1975]) as to the lawfulness of the car stop. New York State Trooper Derek Raichel was the only witness who testified at the hearing on August 3, 2023.
This court has reviewed the following post-hearing submissions:
• The People's Memorandum of Law dated August 9, 2023, and
• Memorandum of Law dated August 15, 2023 with attached exhibits.
Findings of Fact and Conclusions of Law:
On May 4, 2023 New York State Trooper Derek Raichel was on routine patrol in the Town of Clarence when he observed the defendant's vehicle make a left turn from an apartment complex out onto Main Street (westbound). During the course of the turn the passenger side tires of the vehicle crossed the "fog line." The phrase "fog line" is put in quotations at the outset because at the hearing there was a question as to whether the white line that separates the roadway and the "shoulder" was a fog line, designated bike lane, or something else. The People did not establish the line was anything other than a fog line. There were no hazards such as bicyclists or dog walkers and there was not an accident. The defendant was not operating his car in a dangerous or erratic manner. However, Trooper Raichel did observe the passenger wheels briefly cross the fog line a second time as the vehicle proceeded westbound. As a result, Trooper Raichel activated his overhead lights and pulled the defendant over without incident. The defendant was stopped and arrested. He refused a breath test and the charges in this case ensued. It is uncontested that the defendant was neither operating his vehicle in an erratic manner nor was he creating or encountering any hazards — the reason for the stop was that he encroached upon the white fog line on two occasions.
Lawfulness of police activity:
Initially, the People have the burden at a suppression hearing of showing the legality of the police conduct in the first instance (see People v Baldwin, 25 NY2d 66, 70 [1969]; People v Ponce, 203 AD3d 1628 [4th Dept 2022]). Once the People have met this burden, it is the defendant that bears the burden of proving any illegality of the police conduct (see People v Berrios, 28 NY2d 361 [1971]; People v Baldwin, 25 NY2d 66 [1969]). 
Automobile stops are lawful only when based on probable cause that a driver has committed a traffic violation or when there is reasonable suspicion that the driver or occupants committed a crime (People v Hinshaw, 35 NY3d 427 [2020]; People v May, 81 NY2d 725 [1992]; People v Ingle, 36 NY2d 413 [1975]; People v Rose, 67 AD3d 1447 [4th Dept 2009]). A traffic stop is lawful where the police officer has probable cause to believe the driver of the car committed a traffic violation (People v Robinson, 97 NY2d 341, 349 [2001]; People v Grimes, 133 AD3d 12011202 [4th Dept 2015]; Matter of Deveines v New York State Dept. of Motor Vehs. Appeal Bd., 136 AD3d 1383 [4th Dept 2016]).
The Vehicle and Traffic Law provision that resulted in the stop here, and is the subject of this hearing, is VTL § 1128(a) which reads as follows:
§ 1128. Driving on roadways laned for traffic:
Whenever any roadway has been divided into two or more clearly marked lanes [*2]for traffic the following rules in addition to all others consistent herewith shall apply:
(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
This court thoroughly reviewed all of the cases cited by the parties in their detailed and well-documented post-hearing briefs, almost all of which focused on the determinative fog line question. Notably the cases cited analyze different subsections of the VTL § 1128 charge, most commonly addressing VTL § 1128(a) and/or VTL § 1128(d).[FN1]

In almost all of the cited cases the primary legal issue is whether crossing a fog line results in probable cause to lawfully stop a vehicle.
While the above background and research is important to reflect the reasoning of this court, the fog line issue was decided 18 days ago when on October 6, 2023 the Fourth Department rendered its decision in People v Rufus (— AD3d —, 2023 NY Slip Op 05055 [4th Dept 2023]).
The facts of the present case are extremely similar to those in Rufus which controls how this court must rule. In Rufus the driver crossed the white fog line three times within one tenth of a mile and the court held that pursuant to VTL § 1128(a) the police officer lawfully stopped the car for crossing the white fog line (see id. at *1-*2). The dissent in Rufus speaks for itself, and highlights several of the legal arguments raised by the parties here most notably the defendant in this case, but the dissent is not what controls this court — the majority's holding does.
Rufus presented a car that crossed the fog line three times within one tenth of a mile (see id.). By comparison the defendant here crossed the fog line on two occasions. Additionally, this court recognizes that Rufus referred to the car moving "unsafely" without giving specifics.[FN2]
While the two cases are factually different, these differences are insignificant and materially indistinguishable therefore the Rufus court must be followed.
Notably, lest there be any question as to the law in the Fourth Department this court is obligated to follow, the dissent acknowledges the Fourth Department's "precedent [*3]holding that 'crossing the white fog line' per se violates Vehicle and Traffic Law § 1128(a)" (People v Rufus, — AD3d —, 2023 NY Slip Op 05055, at *3 [4th Dept 2023, Curran, J. and Ogden, J., dissenting] (internal citations omitted)).
Although People v Eron (119 AD3d 1358, 1359 [4th Dept 2014]) does not provide specific facts, the Fourth Department there held the car stop pursuant to VTL § 1128(a) was lawful because the defendant's vehicle crossed the white fog line. The defendant here cites a series of cases to support his argument, but none of the lower court cases he cites to meet the following three requirements to persuade and bind this court: (1) controlled by Fourth Department precedent, (2) specifically adjudicating VTL § 1128(a), and (3) subsequent to Eron except for People v Kloosterman (44 Misc 3d 1224(A), 2014 NY Slip Op 51286(U) [Lockport Just Ct, Aug. 19, 2014]).[FN3]
Kloosterman is offered by the defendant here for the proposition that "[p]artial or infrequent transgressions over a fog line do not constitute a violation of section 1128 of the Vehicle and Traffic Law" (id. at *6). Notably, Kloosterman did not address either Eron or the VTL § 1128(a) case People v Wohlers (138 AD2d 957 [4th Dept 1988]), that Eron relied on, which held straying slightly to the right of the driving lane is a violation of VTL § 1128(a).
The defendant did not rely upon or cite any other cases in the Fourth Department from the time of Kloosterman and Eron in 2014 up to the time of the present case on this discreet legal issue. All of the lower court cases relied upon by the defendant, while notable and important for this court to be aware of, do not control this court's ultimate decision with these specific facts and with this specific statutory provision (VTL § 1128(a)). Rufus does.
In summary, crossing a white fog line, which is uncontested in this case, is a violation of VTL § 1128(a) that provides lawful and constitutional probable cause to stop a motor vehicle (see People v Rufus, — AD3d —, 2023 NY Slip Op 05055 [4th Dept 2023]).
The police activity was lawful at the outset, and the defendant failed to show by a preponderance of the evidence that the police acted illegally. Therefore, the motion to suppress is denied.
For all the foregoing, the defendant's motion is denied in its entirety.
This decision constitutes the order of this court.
DATED: October 24, 2023
Clarence, New York
JONATHAN S. HICKEY
Clarence Town Justice

Footnotes

Footnote 1:This court is mindful that yet another subsection, VTL § 1128(c), is the charged statute in some of the other cases cited by the parties including the unreported matter of People v Delvalle (Clarence Just Ct, Erie County, Dec. 8, 2021, Powers, J., Index number []) which was attached to the defendant's Memorandum of Law along with several other cases, all of which this court reviewed.

Footnote 2:The dissent's analysis seizes on the majority opinion's reference to safety, asserting that such reference in the majority opinion is "tantamount to a concession that the per se rule of Eron and Wohlers is wrong and that it is an incorrect interpretation of the text of section 1128(a)" (People v Rufus, — AD3d —, 2023 NY Slip Op 05055 at *7 [4th Dept 2023, Curran, J. and Ogden, J., dissenting]).

Footnote 3:Eron (July 3, 2014) was decided approximately 47 days before Kloosterman (August 19, 2014).