People v Rufus (2024 NY Slip Op 06384)

People v Rufus

2024 NY Slip Op 06384

Decided on December 19, 2024

Court of Appeals

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 19, 2024

No. 120 

[*1]The People & c., Respondent,
v
Parris J. Rufus, Appellant.

Edward L. Fiandach, for appellant.
Amy N. Walendziak, for respondent.

RIVERA, J.

Defendant challenges his conviction of driving while intoxicated, claiming that the vehicular stop that led to his arrest was unlawful. Defendant also claims that the trial evidence was legally insufficient to support the court's guilty verdict on that count and weighed in favor of acquittal. Based on the totality of the circumstances, we conclude that the officers had probable cause to stop defendant after they observed his vehicle cross the fog line three times within a short distance and time.[FN1] We also conclude that defendant's legal insufficiency claim is without merit and his weight of the evidence claim is unreviewable (see People v Bleakley, 69 NY2d 490, 495 [1987]; see also People v Danielson, 9 NY3d 342, 349 [2007]). Therefore, we affirm the Appellate Division.
***
Defendant was charged and convicted following a nonjury trial of felony driving while intoxicated under Vehicle and Traffic Law ("VTL") § 1192 (3). Before trial, defendant moved to suppress evidence of his intoxication obtained during the car stop, arguing that the stop was unsupported by probable cause. The evidence adduced at the suppression hearing showed that defendant was driving in the right-hand lane of a three-lane interstate highway at approximately 2 AM on a Sunday, with two State Troopers, Tiwana and Statt, behind him in a patrol car. The [*2]troopers testified that they observed the tires on the right side of defendant's vehicle cross the solid white fog line onto the right shoulder of the road three times within a tenth of a mile. Defendant was traveling within the speed limit.
Trooper Tiwana testified that he directed defendant to pull over. After defendant complied, Trooper Tiwana approached on the driver's side and observed that defendant was the sole occupant. He then informed defendant that he was pulling him over for swerving over the line, asked him where he was traveling, and requested his driver's license and vehicle registration. Defendant handed over his license but gave the trooper the plastic backing of an air freshener instead of his registration, which he provided later during the encounter. Trooper Tiwana further testified that during these initial interactions, he smelled a strong odor of alcohol, noted that defendant's speech was slurred and illogical, and observed that defendant had bloodshot, glassy eyes and droopy eyelids. According to the trooper, defendant claimed that "he was swerving because he saw [the] patrol car approaching from the rear."
Trooper Tiwana then asked defendant to exit the vehicle. The trooper observed that, as defendant was getting out, he grabbed the car door for balance before walking slowly toward the front of the car. Trooper Tiwana then administered four sobriety tests, the results of which led him to conclude that defendant was intoxicated. He then placed defendant under arrest and transported him to a local police station. During the ride, defendant volunteered that he had been drinking, although, before the arrest, he had denied consuming alcohol. At the station, defendant refused to take a chemical breath test.
The court denied defendant's motion to suppress, crediting the troopers' testimony that they observed defendant's vehicle cross the fog line three times within a tenth of mile, which supported their reasonable belief that defendant had violated VTL § 1128 (a). At defendant's bench trial, the troopers testified consistently with their suppression hearing testimonies, and the court admitted the police report of defendant's refusal to submit to a chemical test. Based on the record evidence, the court found defendant guilty of driving while intoxicated, in violation of VTL § 1192 (3), and later sentenced him.[FN2]
A divided Appellate Division affirmed, concluding that the record supported the suppression court's determination that Trooper Tiwana had probable cause to believe that defendant violated VTL § 1128 (a) before stopping his vehicle because he had observed the vehicle "swerve and cross over the white fog line three times within a tenth of a mile" (220 AD3d 1162 [4th Dept 2023]). The majority also rejected defendant's remaining claims. The dissenting justices would have reversed the conviction solely on the lack of probable cause because, in their view, there was no evidence of defendant's unsafe driving (see id. at 1163-1167 [Curran and Ogden, JJ., dissenting]). One of the dissenting justices granted defendant leave to appeal.
As relevant here, an automobile stop is lawful when it is " 'based on probable cause [to believe] that a driver has committed a traffic violation' " (People v Hinshaw, 35 NY3d 427, 430 [2020], quoting People v Robinson, 97 NY2d 341, 350 [2001]). Here, the troopers stopped defendant based on an alleged violation of VTL § 1128 (a). That section provides: "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."
Whether a driver has violated VTL § 1128 (a) is a fact-specific determination, which depends upon what is "practicable" under the circumstances and what a driver has "ascertained." Thus, whether conduct observed by an officer amounts to a probable violation of VTL § 1128 (a) is a determination based on the totality of the circumstances. Defendant's claim that the troopers lacked a lawful basis to stop him because he was not swerving or otherwise driving erratically is a gross mischaracterization of the record and is contradicted by his own statement. The hearing court credited Trooper Tiwana's testimony that he stopped defendant for swerving over the fog line and that defendant told him that he swerved because he saw the patrol car behind him. We find unpersuasive defendant's effort to minimize his conduct as a brief, subtle lane departure, commonly observed on the road and generally accepted as within the bounds of the law. The troopers observed signs of alarming driving. The record shows that defendant did not merely "touch" the fog line or barely cross over it once while otherwise abiding by all rules of the road. Rather, both troopers testified that defendant crossed the fog line three times within seconds and a short distance [*3]of a tenth of a mile. Thus, contrary to the defendant's suggestion his failure to stay in his lane was not a de minimis diversion.
When a driver swerves over the fog line repeatedly, in quick succession, they have failed to "drive[ ] as nearly as practicable entirely within a single lane" in violation of VTL § 1128 (a) (see e.g. Schoonmaker v New York State Dept. of Motor Vehicles, 33 NY3d 926, 928 [2019] [testimony that vehicle "ma(de) an erratic movement off the right side of the road, crossing the fog line and moving off the shoulder with the vehicle's right front tire" provided substantial evidence that stop was lawful under VTL § 1128 (a)]; People v Tandle, 71 AD3d 1176, 1177, 1178 [2d Dept 2010]; People v Parris, 26 AD3d 393, 394 [2d Dept 2006]; cf. People v Davis, 58 AD3d 896, 898 [3d Dept 2009] [police officer's testimony that driver had made "brief contacts with the fog line," but not that driver was, for example, "weaving, driving erratically or even that he drove onto the shoulder" was insufficient to support traffic stop under VTL § 1128 (a)]). On these facts, the troopers' observations, which were credited by the suppression court, established probable cause for the traffic stop. Therefore, the court properly denied the motion to suppress.
Defendant's challenges based on the sufficiency and weight of the evidence do not warrant reversal. "A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (Danielson, 9 NY3d at 349, quoting People v Acosta, 80 NY2d 665, 672 [1993]). Section 1192 (3) of the VTL states that "[n]o person shall operate a motor vehicle while in an intoxicated condition." Trooper Tiwana testified at trial that he observed defendant bearing tell-tale physical signs of intoxication: bloodshot and glassy eyes; slurred and illogical speech; and conduct incongruous with that of a sober driver, such as providing a plastic air freshener wrapper instead of the vehicle registration card. These signs were confirmed by the results of defendant's field sobriety tests and by defendant's admission that he had been drinking. That evidence supports defendant's conviction of driving while intoxicated, in violation of VTL § 1192 (3) (cf. People v Cruz, 48 NY2d 419, 427 [1979]). Defendant's weight of the evidence challenge is unreviewable because where, as here, the Appellate Division has properly considered such a challenge, "this Court is without authority to review the Appellate Division's . . . determination" (Danielson, 9 NY3d at 349; cf. People v Kancharla, 23 NY3d 294, 306 [2014]).
Accordingly, the order of the Appellate Division should be affirmed.
Order affirmed. Opinion by Judge Rivera. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided December 19, 2024

Footnotes

Footnote 1: The "fog line" is the solid white line that runs between the roadway and the shoulder.

Footnote 2: The court dismissed the second count of the indictment, refusal to take a breath test in violation of VTL § 1194 (1) (B).