People v Hall (2025 NY Slip Op 01457)

People v Hall

2025 NY Slip Op 01457

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

49 KA 21-01738

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DIQUAN HALL, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered November 10, 2021. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: In 2019, defendant pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree and was referred to drug treatment court, where he signed a contract providing that, if he completed the diversion program, he would be sentenced to a conditional discharge, but if he was terminated from the program, he would be sentenced to a term of imprisonment. Defendant was arrested while he was still undergoing the diversion program. In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a firearm (Penal Law § 265.01-b), arising from that arrest. Based on that conviction, defendant was terminated from the diversion program and, in appeal No. 2, appeals from the judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree (§§ 110.00, 220.06 [1]). We affirm in each appeal.
Defendant contends in appeal No. 1 that County Court erred in refusing to suppress evidence recovered from the search of the vehicle he was operating inasmuch as the police lacked probable cause to stop the vehicle. We reject that contention. An automobile stop "is lawful when it is based on probable cause [to believe] that a driver has committed a traffic violation" (People v Rufus, — NY3d &mdash, 2024 NY Slip Op 06384, *2 [2024]; see People v Nektalov, 42 NY3d 363, 367 [2024]). Where, as here, the stop is based on an officer's observation of excessively tinted windows, "[t]he relevant question for a suppression court in determining whether law enforcement had probable cause is whether 'the officer who stopped the car reasonably believed the windows to be over-tinted in violation of' the Vehicle and Traffic Law" (Nektalov, 42 NY3d at 367). The test is an objective one, and the officer's subjective belief that there has been a violation of the Vehicle and Traffic Law, whether correct or not, is not determinative (see People v Estrella, 48 AD3d 1283, 1285 [4th Dept 2008], affd 10 NY3d 945 [2008], cert denied 555 US 1032 [2008]; see generally People v Edwards, 14 NY3d 741, 742 [2010], rearg denied 14 NY3d 794 [2010]). The People "must establish 'the basis for [the] belief' that law enforcement possessed the requisite suspicion in the form of 'facts, not assurances' " (Nektalov, 42 NY3d at 367).
Here, the officer who initiated the stop testified at the suppression hearing that he looked directly at the driver's side window of the vehicle defendant was operating, that he did so from a distance of no more than 10 to 15 feet, and that he was "unable to see the driver of the vehicle" through the window. We conclude that the officer's testimony contained sufficient facts to [*2]establish that he reasonably believed that the windows were excessively tinted in violation of Vehicle and Traffic Law § 375 (12-a) (b) (2) (see People v Biggs, 208 AD3d 1340, 1343 [2d Dept 2022], lv denied 39 NY3d 961 [2022]; People v Brown, 169 AD3d 1258, 1259 [3d Dept 2019], lv denied 33 NY3d 1029 [2019]; People v Collins, 105 AD3d 1378, 1379 [4th Dept 2013], lv denied 21 NY3d 1003 [2013]).
We reject defendant's further contention in appeal No. 1 that the court erred in concluding that the police were justified in searching his vehicle pursuant to the automobile exception to the search warrant requirement. The automobile exception "permits police officers to 'search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there' " (People v Johnson, 159 AD3d 1382, 1383 [4th Dept 2018], lv denied 31 NY3d 1083 [2018], quoting People v Galak, 81 NY2d 463, 467 [1993]; see People v Nichols, 175 AD3d 1117, 1118 [4th Dept 2019], lv denied 34 NY3d 1018 [2019]). "The exception requires 'both probable cause to search the automobile generally and a nexus between the probable cause to search and the crime for which the arrest is being made' "(Johnson, 159 AD3d at 1383, quoting People v Langen, 60 NY2d 170, 181 [1983], cert denied 465 US 1028 [1984]). Here, the arresting officers testified at the suppression hearing that, after fleeing the vehicle, defendant attempted to hide a clear plastic bag containing "a white powdery substance," which the officers, based on their experience and training, believed to be illegal narcotics. That testimony was sufficient to establish that there was "both probable cause to search the automobile generally and a nexus between the probable cause to search and the crime for which the arrest is being made" (Nichols, 175 AD3d at 1119 [internal quotation marks omitted]; see People v Burghart, 177 AD2d 866, 869 [3d Dept 1991], lv denied 79 NY2d 998 [1992]; see generally People v Santiago, 165 AD3d 417, 418 [1st Dept 2018], lv denied 32 NY3d 1128 [2018]). Contrary to defendant's contention, the fact the officers did not confirm that the white powdery substance was an illegal narcotic before they searched the vehicle does not mean that they lacked probable cause. "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act . . . . Probable cause does not require proof beyond a reasonable doubt, but merely requires a reasonable ground for belief" (Johnson, 159 AD3d at 1383 [internal quotation marks omitted]; see Nichols, 175 AD3d at 1118).
In light of our determination, we do not reach defendant's contention in appeal No. 2.
All concur except Whalen, P.J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent inasmuch as I agree with defendant that the People failed to meet their burden of establishing that law enforcement had probable cause to stop his vehicle. Specifically, I conclude that the People failed to elicit evidence "to support the [testifying officer]'s conclusory belief that the tinted windows violated the law" (People v Nektalov, 42 NY3d 363, 368 [2024]).
The officer who attempted to initiate the stop of defendant's vehicle testified that he believed any level of tint on the front driver's side window or the front passenger window would be illegal and that the actual tint on the vehicle's windows was never tested with a tint meter. He further testified that he initially observed the vehicle when it was dark outside and that he was unable to see the driver inside the vehicle. At no point did the officer testify that it was the window tint, as opposed to the ambient darkness, that prevented him from seeing the driver. The officer's failure to link the allegedly excessive tint with his inability to see into the vehicle distinguishes this case from those cited by the majority, in which the arresting officer "testified at the suppression hearing that he could tell the window tints were too dark because he could not see into the [vehicle]" (People v Biggs, 208 AD3d 1340, 1343 [2d Dept 2022], lv denied 39 NY3d 961 [2022]), or "specifically testified that the driver's side windows were 'so dark that [he] was unable to actually see the operator of the vehicle as the vehicle was going by' " (People v Brown, 169 AD3d 1258, 1259 [3d Dept 2019], lv denied 33 NY3d 1029 [2019]). Because the officer's testimony here failed to link his conclusory belief that the windows were excessively tinted with an objective fact in support of that belief, I conclude that the People failed to meet their burden (see Nektalov, 42 NY3d at 367-368).
Thus, in appeal No. 1, I would reverse the judgment, vacate the plea, and grant that part of the omnibus motion seeking suppression of the physical evidence (see People v Williams, 177 [*3]AD3d 1312, 1313 [4th Dept 2019]). Further, because my determination would result in the suppression of all evidence in support of the crimes charged, I would dismiss the indictment in appeal No. 1 (id.). Additionally, inasmuch as defendant was terminated from the treatment court program based on the weapons arrest, I would reverse the judgment in appeal No. 2 and restore defendant to treatment court (see generally People v Paul, 229 AD2d 932, 933 [4th Dept 1996]; People v Reed, 186 AD2d 159, 160 [2d Dept 1992]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court