People v Patino (2025 NY Slip Op 25086)

[*1]

People v Patino (Wilmer)

2025 NY Slip Op 25086

Decided on April 3, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on April 3, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-1334 S CR

The People of the State of New York, Appellant,
against
Wilmer G. Patino, Respondent. 

Suffolk County District Attorney (Kim Marie Carson and Marion Tang of counsel), for appellant.
Jonathan I. Edelstein, for respondent.

Appeal from an order of the Justice Court of the Town of East Hampton, Suffolk County (Steven Tekulsky, J.), dated May 17, 2023. The order granted the branch of defendant's motion seeking to suppress evidence on the ground that the stop of defendant's vehicle was illegal, and dismissed the accusatory instruments.

ORDERED that the order is reversed, on the law, the branch of defendant's motion seeking to suppress evidence on the ground that the stop of defendant's vehicle was illegal is denied, the accusatory instruments are reinstated, and the matter is remitted to the Justice Court for a determination of the remaining branches of defendant's motion and for all further proceedings.
By separate accusatory instruments dated May 5, 2022, defendant was charged with, respectively, driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), failing to use a designated lane (Vehicle and Traffic Law § 1128 [c]), driving on the shoulder (Vehicle and Traffic Law § 1131), and operating a motor vehicle with an obstructed view (Vehicle and Traffic Law § 375 [30]). A combined Ingle/Dunaway/Huntley hearing was held at which a police officer testified that, prior to his encounter with defendant, he observed defendant's vehicle straddle the fog line for approximately five seconds, traveling about 50 yards, before jerking back into the travel lane, with no obstruction of the roadway that would have explained the vehicle's movements. [*2]Following the hearing, the Justice Court (Steven Tekulsky, J.) issued an order dated May 17, 2023, finding that "there was no probable cause to stop the Defendant's vehicle, and any and all evidence recovered as a result thereof must be suppressed. The Charges are hereby dismissed." The court did not reach the remaining branches of defendant's motion. On appeal, the People argue that the encounter between the officer and defendant was not a traffic stop and, even if it was, defendant's crossing of the fog line provided a lawful basis for the stop.
We need not decide whether, under the particular circumstances presented here, a traffic stop occurred, as, in any event, the officer had a lawful basis for a stop. A traffic stop is a seizure and is permissible under the Fourth Amendment of the United States Constitution and article I, § 12 of the New York State Constitution "where law enforcement has 'probable cause that a driver has committed' a traffic violation" (People v Nektalov, 42 NY3d 363, 367 [2024], quoting People v Hinshaw, 35 NY3d 427, 430 [2020]; see Whren v United States, 517 US 806, 809-810 [1996]). "Probable cause, in turn, 'does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v Bigelow, 66 NY2d 417, 423 [1985]; see Ornelas v United States, 517 US 690, 696 [1996]). In addition, " 'an automobile stop is lawful so long as it is demonstrated that a traffic violation occurred, and it is not necessary that [the] defendant be charged with the specific violation established at a probable cause hearing' " (People v Matos, 60 Misc 3d 130[A], 2018 NY Slip Op 50994[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], quoting People v Gramajo, 49 Misc 3d 131[A], 2015 NY Slip Op 51435[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; see People v Robinson, 97 NY2d 341 [2001]; People v Weishaupt, 118 AD3d 1100, 1102 [2014]; People v Ross, 106 AD3d 1194, 1195 [2013]). "All that is required is that [the officer] have had a reasonable cause to believe that [the] defendant had violated [the] Vehicle and Traffic Law" (People v Newcomb, 58 Misc 3d 153[A], 2018 NY Slip Op 50145[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018] [internal quotation marks omitted]; see People v Hiker, 133 AD2d 986, 988 [1987]; People v Gingras, 22 Misc 3d 22, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Here, the evidence established that the officer had a reasonable belief that defendant had failed to remain in the travel lane in violation of Vehicle and Traffic Law § 1128 (a) (see People v Rufus, — NY3d —, 2024 NY Slip Op 06384, *3 [2024]; Matter of Schoonmaker v New York State Dept. of Motor Vehs., 33 NY3d 926, 928 [2019]; People v Eron, 119 AD3d 1358, 1359 [2014]; People v Tandle, 71 AD3d 1176, 1177-1178 [2010]; People v Parris, 26 AD3d 393, 394 [2006]; see also People v Hinshaw, 35 NY3d at 433 n 4; cf. People v Davis, 58 AD3d 896, 898 [2009]).
Accordingly, the order is reversed, the branch of defendant's motion seeking to suppress evidence on the ground that the stop of defendant's vehicle was illegal is denied, the accusatory instruments are reinstated, and the matter is remitted to the Justice Court for a determination of the remaining branches of defendant's motion and for all further proceedings.
GARGUILO, P.J., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 3, 2025